C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JERROLD DUBOSE,

                      Plaintiff,

             - against -

HONORABLE MATTHEW D'EMIC;
HONORABLE MARTIN MURPHY; RISA
PROCTON; MICHELLE CLIFFORD; JANE
MINGO,

                     Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION & ORDER**

18 Civ. 2169 (BMC)

**COGAN,** District Judge.

      Plaintiff Jerrold Dubose, presently incarcerated at the Kirby Forensic Psychiatric Center on Wards Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983, against Judge Matthew D'Emic, Judge Martin Murphy, Warden Michelle Clifford, Warden Jane Mingo, and Rosa Proctor[1] (collectively, "defendants").  Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is hereby granted.  For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted twenty (20) days from the date of this order to submit an amended complaint.

## BACKGROUND

      The following facts are drawn from plaintiff's pleading, the allegations of which are taken to be true for purposes of this decision.  Plaintiff alleges that on or about December 22, 2017,

---

[1] Incorrectly listed on the docket as "Risa Procton."

while incarcerated at the George R. Vierno Center at Rikers Island Correctional Facility, he was assaulted by housing unit officers. When plaintiff requested that a "Sergeant Miller" escort him to the intake area, plaintiff claims that the officer placed cuffs on him too tightly, and that as a result, he suffered bruised wrists. Plaintiff further alleges that on December 23, 2017, he was assaulted by John Doe officers at the Anna M. Kross Center when he requested his immediate release from incarceration. The remainder of plaintiff's allegations are far from clear. It appears that plaintiff seeks to argue that the state criminal court lacks jurisdiction over his action. Plaintiff seeks monetary damages.

## DISCUSSION

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if

2

the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis,* if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

To maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

The "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Spavone v. N.Y. Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)); Brown v. City of New York, No. 13 CV 6912, 2017 WL 1390678, at *6 (S.D.N.Y. Apr. 17, 2017). The required personal involvement of defendants can be established by alleging (1) "actual direct participation in the constitutional violation," (2) "failure to remedy a wrong after being informed through a report or appeal," (3) "creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue," (4) "grossly negligent supervision of subordinates who committed a violation," or (5) "failure to act on information indicating that unconstitutional acts were occurring." Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003); see Oquendo v. Quality Choice Correctional Healthcare, No. 16- CV 1828, 2017 WL 3927293, at *4 (S.D.N.Y. Sept. 6, 2017).

Plaintiff makes no allegation whatsoever that defendants Clifford, Mingo or Proctor[1] were personally responsible for, or involved in the actions he alleges in his complaint. See Blackson v. City of New York, No. 14 Civ. 452, 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims where plaintiff made "no specific allegations" about defendants' conduct apart from naming them as defendants).

Finally, it is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S.

---

[1] Although plaintiff fails to assert any factual allegations against defendant Proctor, the Court notes that to the extent that Proctor was acting as plaintiff's legal aid counsel, plaintiff fails to state a cognizable claim because a Legal Aid attorney is not a state actor under § 1983. See France v. Leg. Aid Soc., No. 14 CV 2348, 2014 WL 1894389, at *3 (E.D.N.Y. May 12, 2014).

9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, plaintiff appears to question the authority of the two state court judges to preside over plaintiff's criminal action. Accordingly, plaintiff's claims against Judge D'Emic and Judge Murphy are precluded by absolute judicial immunity and are dismissed with prejudice.[2]

In light of plaintiff's *pro se* status, he is granted 20 days leave to file from the date of this order to file an amended complaint regarding his allegations of use of excessive force by correction officers. Plaintiff is advised that should he elect to file an amended complaint he must plead sufficient facts to allege a violation of his constitutional rights against each officer named and must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short and plain statement of plaintiff's claim. Plaintiff must name as proper defendants those individuals who have some personal involvement in the action he alleges in the amended complaint. See Iqbal, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). If plaintiff wishes to bring a claim against a defendant and he does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each

---

[2] To the extent that plaintiff's criminal action is pending and he seeks to have the criminal action "stricken from the record," this Court cannot interfere in the proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971).

individual. If plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, the Court shall enter judgment dismissing this action.

## CONCLUSION

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A; 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted twenty days leave from the date of this memorandum and order to file an amended complaint as detailed above. No summons shall issue at this time and all further proceedings shall be stayed for 20 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                    U.S.D.J.

Dated: Brooklyn, New York
       April 17, 2018